**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VJH HOMES, LLC, | ) | CASE NO. 1:23-cv-02297 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Now pending is Plaintiff VJH Homes, LLC's, Amended Complaint alleging claims against Defendant City of Cleveland under the Fifth Amendment to the U.S. Constitution, 42 U.S.C. § 1983, the Ohio Constitution, and state law. (R. 3). Plaintiff's claims are premised upon Defendant "issu[ing] and/or threaten[ing] to issue a condemnation and/or demolition order for the demolition of" a structure on a property that Plaintiff owns. (*Id.* at PageID# 45–55). Plaintiff seeks damages as well as declaratory and injunctive relief. (*Id.* at PageID# 48–55). Defendant has moved to dismiss the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (R. 7, PageID# 83). Plaintiff has opposed that motion, (R. 8), and Defendant has filed a reply in further support, (R. 9). For the reasons that follow, the Court grants Defendant's motion in its entirety.

**I. Standard of Review**

A Rule 12(b)(6) motion to dismiss challenges whether a complaint sets forth a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556

U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To proceed past the pleading stage, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard is not akin to a 'probability requirement,'" but it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks omitted).

A court resolving a Rule 12(b)(6) motion "must consider the complaint in its entirety." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). The court accepts as true all well-pleaded factual allegations contained in the complaint and construes them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam); *accord Streater v. Cox*, 336 F. App'x 470, 474 (6th Cir. 2009). But a court need not accept as true legal conclusions, labels, formulaic recitation of a claim's elements, and "naked assertions devoid of further factual enhancement". *Iqbal*, 556 U.S. at 678–79. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief" under governing law. *Id.* at 679.

## II. Background[1]

In September 2021, Plaintiff purchased a parcel of land with a residential structure at East 47th Street, Cleveland, Ohio for $26,764.23 during a foreclosure sale. (R. 3, PageID# 45; R. 7-1, PageID# 93–94; R. 7-2, PageID# 96). The sale was confirmed on October 14, 2021, and title was transferred to Plaintiff on October 15, 2021. (R. 7-1, PageID# 93–94).

On June 9, 2023, Defendant issued a "Notice of Violation of Building and Housing Ordinances" to Plaintiff, listing multiple structural defects and condemning the structure. (R. 7-2, PageID# 96–97; *see also* R. 3, PageID# 45). The notice included a finding that the structure is "a public nuisance in that it constitutes an [i]mminent danger and peril to human life and public health, safety[,] and welfare, and that the aforesaid condition constitutes an emergency." (R. 7-2, PageID# 98; *see also* R. 3, PageID# 45). Defendant notified Plaintiff that Defendant would "summarily abate said public nuisance created as a result of said emergency by demolition of the structure if the violations listed … [we]re not entirely corrected by [the compliance date] set forth in [the] notice." (R. 7-2, PageID# 98; *see also* R. 3, PageID# 45).

Plaintiff, however, alleges the structure could "be reasonably repaired, maintained, fixed, and freed of any violations." (R. 3, PageID# 45). "Plaintiff has notified Defendant … of its

---

[1] The background facts are from Plaintiff's Amended Complaint, (R. 3), and public records attached to the motion to dismiss, (R. 7-1; R. 7-2; R. 7-3). Plaintiff has not objected to the latter. Courts may take judicial notice of public records when their existence or contents prove facts that are not subject to reasonable dispute. *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005); *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). Therefore, the Court takes judicial notice of the following public records: the sheriff's deed reflecting Plaintiff's acquisition of the property at issue, (R. 7-1), the condemnation notice for the structure on the property, (R. 7-2), the Board of Building Standard's and Building Appeals' affirmation of the condemnation order, (R. 7-3, PageID# 148–50, 152), and the Cleveland City Council's denial of Plaintiff's appeal, (*id.* at PageID# 170). All well-pleaded factual allegations and reasonable inferences drawn from these documents and the Amended Complaint are presented as true and in the light most favorable to Plaintiff.

intention to repair, maintain, fix[,] and free" the structure of the defects enumerated in the notice. *Id.* Plaintiff asserts that because "the structure can be repaired," Defendant must provide Plaintiff "reasonable time in which to repair the building." (*Id.* at PageID# 46–47). As such, "Plaintiff timely and duly filed an appeal" of the violation notice "with the City of Cleveland Board of Building Standards [and] Building Appeals." *Id.*

The Board affirmed the condemnation order on August 2, 2023. (R. 7-3, PageID# 148–50, 152). Plaintiff appealed the Board's decision. (*Id.* at PageID# 170). On August 11, 2023, the Cleveland City Council denied Plaintiff's appeal and remanded the property "to the Department of Building and Housing for supervision and any required further action." *Id.* Later, Defendant apparently issued a permit to demolish the structure, (R. 3, PageID# 45), but "has since suspended the permit and does not intend to take any action during the pendency of this litigation," (R. 7, PageID# 85).[2] Although Plaintiff intends "to repair, maintain, fix[,] and free" the structure of the violations Defendant identified, Plaintiff does not allege that it has made any repairs to the structure or taken other actions to address the structure's defects. (*See generally* R. 3).

As referenced above, Plaintiff's lawsuit alleges federal- and state-law claims. The Amended Complaint asserts a claim under the Takings Clause of the Fifth Amendment to the U.S. Constitution, 42 U.S.C. § 1983, a claim under the Ohio Constitution, and three state-law tort claims. (*Id.* at PageID# 48–52). The crux of Plaintiff's Amended Complaint is its allegations that Defendant violated Plaintiff's rights under the Takings Clause by condemning the structure on

---

[2] Plaintiff separately moved for a temporary restraining order and injunctive relief to prevent Defendant from *inter alia* demolishing the pertinent structure. (R. 5). Defendant's affirmative agreement to "suspend all demolition, alteration, and construction work at the Property during the pendency of this litigation," (R. 7, PageID# 90), rendered Plaintiff's motion moot. Therefore, Plaintiff's motion for a temporary restraining order and injunctive relief, (R. 5), is denied as moot.

4

Plaintiff's property and issuing a permit for its demolition without providing just compensation. (*Id.* at PageID# 49–50).

Defendant moved to dismiss the Amended Complaint. (R. 7). Defendant argues that its actions did not violate the Takings Clause because a municipality may restrict the use of property without compensation to abate a property nuisance and Plaintiff "does not dispute that the [p]roperty has been a nuisance for at least six months." (*Id.* at PageID# 86–87). Defendant further argues that Plaintiff fails to state its section 1983 claim for the alleged Takings Clause violation because Plaintiff does not allege that a municipal policy or custom caused the violation. (*Id.* at PageID# 87–88).

In response, Plaintiff argues that when a structure constituting a public nuisance can be repaired, the government must give the owner reasonable time to repair the structure. (*See* R. 8, PageID# 192). Plaintiff further argues that although a municipality may exercise police power to abate a public nuisance by demolishing property without providing compensation, that rule "does not apply to the instant matter because … Plaintiff purchased the [p]roperty from the government … and did not in any way whatsoever 'engage in the nuisance.'" (*Id.* at PageID# 194). Plaintiff also argues that the Amended Complaint states facts alleging facially plausible due process claims under the U.S. Constitution, 42 U.S.C. § 1983. (*Id.* at PageID# 194–97). In reply, Defendant argues that the Amended Complaint does not state facts alleging the violation of Plaintiff's due process rights. (*See* R. 9, PageID# 204–05).

### III. Analysis

**A. Federal Claims**

Pursuant to a plain reading of the Amended Complaint, Plaintiff alleges a Takings Clause claim, (R. 3, PageID# 49–50), but Plaintiff's opposition to the motion to dismiss seeks to reframe

5

the Amended Complaint as asserting due process claims under the U.S. Constitution, (R. 8, PageID# 194–97). The Court will address each alleged claim under the rubric of section 1983 claims against Defendant, a municipality. (*See generally* R. 3).

### 1. Section 1983

"Section 1983 creates a federal cause of action against 'any person' who deprives someone of a federal constitutional right while acting under color of state law." *Red Zone 12 LLC v. City of Columbus*, 758 F. App'x 508, 515 (6th Cir. 2019) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691–92 (1978)). For the purposes of section 1983, municipalities qualify as "persons." *Monell*, 436 U.S. at 690. Nevertheless, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under [section] 1983 on a *respondeat superior* theory." *Id.* at 691. Instead, to state a claim that a municipality is liable under section 1983, a plaintiff must allege facts showing that the municipality's official policy or custom "caused one of its employees to violate the plaintiff's constitutional rights." *See Red Zone*, 758 F. App'x at 515 (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014)).

A plaintiff can demonstrate a municipal policy or custom caused alleged violations of constitutional rights by stating facts showing "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision[-]making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). Defendant is a municipality and argues that Plaintiff fails to state its constitutional claims under section 1983 because it does not allege that a municipal policy or custom caused the alleged

violations of Plaintiff's constitutional rights. (R. 7, PageID# 87–88). The Court agrees.

Plaintiff's Amended Complaint does not allege facts making any of the aforementioned showings. (*See generally* R. 3). Rather, Plaintiff merely alleges that Defendant unreasonably and arbitrarily condemned the structure and issued a permit for its demolition without providing time to remedy the structure's deficiencies or compensation. (*See id.* at PageID# 45–54). As such, Plaintiff fails to allege facts showing that any official policy or custom caused "any alleged deprivation of constitutional rights." *VJH Homes, LLC v. City of Cleveland*, No. 1:23cv740, 2023 WL 5533133, at *8 (N.D. Ohio Aug. 28, 2023). Therefore, Plaintiff fails to state plausible *Monell* claims. *See id.* Moreover, Plaintiff fails to state these claims because it does not allege facts plausibly showing that Defendant violated Plaintiff's constitutional rights, as explained below.

### 2. Fifth Amendment Takings Clause Claim

The Fifth Amendment's Takings Clause, incorporated to the states by the Fourteenth Amendment, provides that "private property [shall not] be taken for public use, without just compensation." *Tyler v. Hennepin County*, 598 U.S. 631, 637 (2023) (alteration in original) (quoting U.S. Const. amend. V). "However, a government does not run afoul of the [Takings] Clause when it exercises its police power to abate a public nuisance," *Shiao v. City of Cleveland*, No. 1:23cv2097, 2024 WL 3722883, at *5 (N.D. Ohio Aug. 8, 2024) (quoting *Cordts v. Griffis*, No. 18-13017, 2020 WL 1274966, at *6 (E.D. Mich. Mar. 16, 2020)); *see also Davet v. City of Cleveland*, 456 F.3d 549, 552–54 (6th Cir. 2006), because "all property in this country is held under the implied obligation that the owner's use of it shall not be injurious to the community," *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 491–92 (1987) (quoting *Mugler v. Kansas*, 123 U.S. 623, 665 (1887)); *see also Shiao*, 2024 WL 3722883, at *5. Therefore, when the government condemns and demolishes a property to abate a public nuisance, it need not provide

compensation. *Shiao*, 2024 WL 3722883, at *5–6; *see also Embassy Realty Invs., Inc. v. City of Cleveland*, 572 F. App'x 339, 344 (6th Cir. 2014).

Here, Defendant argues that it exercised police powers as a municipality to abate a public nuisance—when it condemned the structure and issued a permit for its demolition—and it was not required to compensate Plaintiff. (R. 7, PageID# 86–87). Plaintiff has known since June 2023 that the structure on the property at issue is "a 'public nuisance'" constituting an emergency and "subject to demolition," *VJH Homes, LLC*, 2023 WL 5533133, at *6. (R. 7-2, PageID# 96–98; *see also* R. 3, PageID# 45). Plaintiff does not allege that the structure was not a public nuisance. (*See generally* R. 3). There is no indication that Plaintiff took any action to remediate the structure's deficiencies between June 2023 and Defendant issuing a permit to demolish the structure after the Cleveland City Council denied Plaintiff's appeal in August 2023. *Id.* In fact, there no indication in the record that Plaintiff has done anything to remediate those deficiencies. Thus, Plaintiff's allegations demonstrate that "actual demolition of the structure would not constitute a 'taking' as a matter of law, *even if it had occurred*." *VJH Homes, LLC*, 2023 WL 5533133, at *6.

Plaintiff argues that Defendant's actions nevertheless violated Plaintiff's rights under the Takings Clause. Plaintiff alleges that Defendant must give Plaintiff reasonable time to repair the structure before demolishing it, (*see* R. 3, PageID# 46–47), and argues that Defendant has not done so, (*see* R. 8, PageID# 192; *see also* R. 3, PageID# 46–47). Although demolishing a structure to abate a public nuisance does not constitute a taking, the demolition "must be compliant with local law and procedure." *Shiao*, 2024 WL 3722883, at *6. Under Ohio law, municipalities like Defendant may provide "for the removal … of insecure, unsafe, or structurally defective buildings." *Id.* (alteration in original) (quoting Ohio Rev. Code § 715.26(B)). At least thirty days before removing such a building, the municipality must give the building's owner "notice by

8

certified mail of" the intention to remove the building. *Id.* (quoting Ohio Rev. Code § 715.26(B)). Under Defendant's ordinances, Defendant must provide "a written notice of violation stating the defects in the building or structure," requiring the owner to abate the nuisance "by correction of the violations and defects" or by demolition. *Id.* (quoting Cleveland Codified Ordinance § 3103.09(e)(1)). If the owner does not abate the nuisance in the required time, Defendant "'may take appropriate action to demolish and remove an unsafe structure or to remove or abate any condition that is defined as a nuisance.' Before beginning demolition, [Defendant] must provide notice thirty days in advance, but notice separate from notice of violation is not required." *Id.* (citations omitted) (quoting Cleveland Codified Ordinance § 3103.09(h)(1)–(2)).

Here, Defendant complied with the relevant statutes and ordinances. (R. 7-2; R. 7-3, PageID# 148–50, 152, 170). Defendant issued Plaintiff a notice of violations explaining that if Plaintiff did not remedy the structure's defects by the compliance date, Defendant would demolish the structure. (R. 7-2). Defendant provided this notice more than thirty days before issuing a permit to demolish the structure as required under Ohio law. (*Compare* R. 7-2 (notice issued on June 9, 2023), *with* R. 7-3, PageID# 148–50, 152, 170 (appeal denied on August 11, 2023), *and* R. 3, at PageID# 45 (demolition permit issued after the Cleveland City Council denied Plaintiff's appeal)). By complying with Ohio law and local ordinances as required, Defendant provided Plaintiff the requisite time to abate the nuisance. *Shiao*, 2024 WL 3722883, at *6–7. Plaintiff did not abate the nuisance during that time. (*See generally* R. 3). Even if Defendant had demolished the structure (which Defendant has not done to date), the demolition would still not have constituted a taking. *Shiao*, 2024 WL 3722883, at *6–7.

Indeed, Plaintiff acknowledges that a municipality exercising police power to abate a nuisance by demolishing a structure without providing compensation does not constitute a taking.

9

(R. 8, PageID# 194). Nonetheless, Plaintiff argues that rule "does not apply to the instant matter because … Plaintiff purchased the [p]roperty from the government … and did not in any way whatsoever 'engage in the nuisance.'" *Id.* Plaintiff bases this argument upon a misreading of the U.S. Supreme Court's explanation that "the government owes a landowner no compensation for requiring him to abate a nuisance on his property[] because he never had a right to engage in the nuisance in the first place." (R. 8, PageID# 194 (quoting *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 160 (2021)). Despite Plaintiff's assertions, "[n]o such … exception exists." *Cf. VJH Homes, LLC*, 2023 WL 5533133, at \*6. Furthermore, Defendant gave notice that the structure was a public nuisance in June 2023, well after Plaintiff took title to the property in October 2021. (*Compare* R. 7-1, PageID# 93–94, *with* R. 7-2, PageID# 96–97). Plaintiff left the structure in a deficient condition, thereby engaging in the nuisance. *See Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1029–30 (1992).

Because the structure was a public nuisance and Defendant provided procedurally adequate notice and time to cure the structure's deficiencies, Defendant condemning the structure and issuing a permit to demolish it without providing compensation did not amount to a taking. Plaintiff's alleged exception to this rule—for parties that purchase property from the government—does not exist. Therefore, Plaintiff fails to state a Takings Clause claim, and this claim will be dismissed.

### 3. Potential Due Process Claims

In its opposition to the motion to dismiss, Plaintiff argues that the Amended Complaint states facially plausible due process claims under the U.S. Constitution. (R. 8, PageID# 194–97). Although Plaintiff's brief seeks to reframe the Amended Complaint, that pleading does not mention due process claims. (*See generally* R. 3). In fact, Plaintiff's opposition brief argues in

support of alleged due process claims after acknowledging that the Amended Complaint "sets forth five" claims for: "(1) Conversion; (2) Unconstitutional and Illegal Taking; (3) Negligence; (4) Tortious Interference with Business Opportunities; and [(5)] Declaratory Judgment/Injunction." (R. 8, PageID# 191). Thus, Plaintiff attempts to bring due process claims for the first time in its opposition to the motion to dismiss. "It is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *Marinkovic v. Hazelwood*, No. 1:20cv1485, 2022 WL 17405148, at *7 (N.D. Ohio Dec. 2, 2022) (quoting *Gen. Elec. Co. v. S&S Sales Co.*, No. 1:11cv837, 2012 WL 2921566, at *4 (N.D. Ohio July 17, 2012)); *see also Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483–84 (6th Cir. 2020). "Plaintiff, therefore, cannot attempt to withstand a motion to dismiss by stating new claims in [its] opposition brief." *Marinkovic*, 2022 WL 17405148, at *7 (citing *Gen. Elec. Co.*, 2012 WL 2921566, at *4). The appropriate avenue for attempting to amend a pleading to assert new claims is moving the Court for leave to amend under Rule 15, which Plaintiff has not filed. *Bates*, 958 F.3d at 483–84. Therefore, the Court declines to consider this argument any further.

### B. State-Law Claims

The Amended Complaint also asserts state-law claims. (R. 3, PageID# 48–49, 50–52). Federal courts "are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, federal courts "may not exercise jurisdiction absent a statutory basis." *Id.* "Congress has conferred on the [federal] district courts original [subject-matter] jurisdiction in federal-question cases"—that is, cases that "arise under the Constitution, laws, or treaties of the United States." *Id.* (citing 28 U.S.C. § 1331); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). It has also conferred original

subject-matter jurisdiction in diversity cases—that is, cases "between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens" where all adverse parties have complete diversity of citizenship and the amount in controversy exceeds $75,000. *Exxon Mobile Corp.*, 545 U.S. at 552–53 (citing 28 U.S.C. § 1332); *see also Arbaugh*, 546 U.S. at 513. Where, as here, the complaint in a federal-question case also asserts state-law claims and the parties are not totally diverse, a district court has supplemental jurisdiction over those state-law claims if they "are so related to" claims the court has jurisdiction over "that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a). A federal district court, however, may decline to exercise jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3).

Here, the Court had original subject-matter jurisdiction over Plaintiff's federal claims, (R. 3, PageID# 49–50). *Exxon Mobile Corp.*, 545 U.S. at 552; *see also Arbaugh*, 546 U.S. at 513. However, as explained above, the Court will dismiss those claims. As to Plaintiff's state-law claims, Plaintiff is "a registered domestic Ohio limited liability company … with its principal place of business located in Ohio." (R. 3, PageID# 43). As such, it is an Ohio citizen. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Defendant is a political subdivision of the state of Ohio, (R. 3, PageID# 43), and, therefore, is also an Ohio citizen. *Smith v. Stanton*, No. 5:21cv222, 2022 WL 569972, at *2 (E.D. Ky. Feb. 23, 2022) (citing *City of Detroit v. Blanchfield*, 13 F.2d 13 (6th Cir. 1926)). Because the parties are not diverse, the Court does not have diversity jurisdiction over Plaintiff's state-law claims. *Exxon Mobile Corp.*, 545 U.S. at 552–53 (citing 28 U.S.C. § 1332); *see also Arbaugh*, 546 U.S. at 513. Instead, the Court has supplemental jurisdiction over them because they derive from a common nucleus of operative fact with Plaintiff's federal clams and,

therefore, form part of the same case or controversy. 28 U.S.C. § 1367(a).

The U.S. Court of Appeals for the Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed" in federal-question cases. *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 584 (6th Cir. 2011). When federal claims have been dismissed in such cases, "the balance of considerations will usually point to dismissing the state[-]law claims." *Id.* at 585 (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)). Therefore, because Plaintiff's only remaining claims are state-law claims over which the Court has only supplemental jurisdiction, the Court declines to retain jurisdiction and will dismiss those claims.

### IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss, (R. 7), is granted. In addition, as explained above, Plaintiff's motion, (R. 5), is denied as moot.

The Amended Complaint is dismissed in its entirety.

IT IS SO ORDERED.

*s/ David A. Ruiz*
David A. Ruiz
United States District Judge

Date: August 15, 2025